NICHOLS, Appellant,

v.

LATHROP COMPANY, Appellee, et al.

[Cite as *Nichols v. Lathrop Co.*, 159 Ohio App.3d 702, 2005-Ohio-801.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–04–1152.

Decided Feb. 25, 2005.

James E. Yavorcik and David T. Henderson, for appellant.

James R. Jeffery and James P. Silk Jr., for appellee.

SKOW, Judge.

{¶ 1} This is an appeal from a judgment by the Lucas County Court of Common Pleas in favor of the Lathrop Company and against Kathleen J. Nichols. Because we find that the trial court made two critical errors—first, in finding that Lathrop did not owe Nichols a duty of care and, second, in determining as a matter of law that Nichols was properly warned of the hazard created by Lathrop's excavation—we reverse and remand the matter to the trial court for further proceedings.

{¶ 2} In November 1999, appellant, Kathleen J. Nichols, was employed by Stateline TPA as a staff accountant. Stateline TPA's offices are located at 1718 Indian Wood Circle, Maumee, Ohio. The suite occupied by Stateline TPA has a front door and a back door. Employees would commonly use the back door to go to the adjacent building located at 1720 Indian Wood Circle.

{¶ 3} Sometime during the week of November 15, 1999, appellant and a co-worker noticed a gas smell in their office building. The co-worker reported the smell to Julie Thomas, who was an assistant to the president of Stateline TPA. Thomas contacted Columbia Gas, whose workers came out to the building and

determined that there was a gas leak behind the building at 1718 Indian Wood Circle. Tomahawk Development Company, owner of the property, hired appellee Lathrop to excavate the area where the leak was detected.

{¶ 4} On the afternoon of Friday, November 19, 1999, Julie Thomas sent an e-mail to all of the employees of Stateline TPA advising that there was a gas leak outside the back door at 1718 Indian Wood Circle and that the gas would be shut off to the entire building until Monday or Tuesday of the following week. The e-mail further stated that digging would be done directly in front of the back door over the weekend and during the first part of the following week and that employees would not be able to use the back door until the work was completed. Appellant acknowledges receiving and reading the e-mail that afternoon.

{¶ 5} According to testimony by Julie Thomas, that same Friday, in addition to sending the e-mail, she also placed a pink warning sign on the door leading to the excavation work.

{¶ 6} On Saturday, November 20, 1999, appellee's employees dug a hole behind the rear door of 1718 Indian Wood Circle. The hole was approximately six feet long, four feet wide, and 32 inches deep. Three sides of the hole were completely exposed, and the fourth abutted the rear door of the building. Appellee's employees placed barricades around the three exposed sides of the hole, but they did not place a barricade on the fourth side, believing that the building itself acted as a sufficient barrier.

{¶ 7} On Monday, November 22, 1999, appellant arrived at work at approximately 7:50 a.m. She parked her vehicle in the front parking lot of the 1718 building, as she normally did. After entering through the front door, she hung up her coat, went to her cubicle, and checked her e-mail. She had received an e-mail from the president of the company, Judy Felhaber, who seemed upset about some checks that had been cut the preceding Friday. Appellant removed the checks from her drawer and was intending to take them through the back door into Stateline TPA's other building located across the rear parking lot. As she approached the rear door of the building, she did not see any warning sign on the door, which was solid and did not have any windows. She turned the door handle, opened the door outward, and stepped forward into the hole, seriously injuring her ankle.

{¶ 8} The trial court granted summary judgment in favor of appellee on the grounds that appellant was properly warned of the gas leak and, further, that appellee owed no duty of care to appellant under the law of negligence.

{¶ 9} Appellant raises the following assignments of error:

{¶ 10} "First assignment of error: The trial court erred in determining that the Lathrop Company did not owe Kathleen Nichols a duty of care.

{¶ 11} "Second assignment of error: The trial court erred in determining that Kathleen Nichols was properly warned of the danger regarding the repair of the gas leak."

{¶ 12} Pursuant to Civ.R. 56(C), summary judgment is proper when (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 13} Appellate review of a lower court's entry of summary judgment is de novo and uses the same standard applied by the trial court. *McKay v. Cutlip* (1992), 80 Ohio App.3d 487, 491, 609 N.E.2d 1272. The party seeking summary judgment bears the initial burden of (1) delineating the basis for the motion and (2) identifying portions of the record that demonstrate an absence of a genuine issue of material fact with respect to an essential element of the nonmoving party's claims. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon mere allegations and denials in the pleadings but rather must point to evidentiary material that shows a genuine dispute over the material facts. *Henkle v. Henkle* (1991), 75 Ohio App.3d 732, 735, 600 N.E.2d 791.

{¶ 14} We will review each of the errors assigned in accordance with these principles, except where another standard is expressly used.

{¶ 15} In her first assignment of error, appellant claims that the trial court improperly concluded that appellee, an independent contractor, did not owe appellant, an employee of Stateline TPA, a duty of care to warn her of the danger it created by the hole located outside the rear door of the Stateline TPA building.

{¶ 16} An independent contractor who creates a dangerous condition on real property is not relieved of liability under the doctrine that exonerates an owner or occupier of land from the duty to warn those entering the property of open and obvious dangers on the property. *Simmers v. Bentley Constr. Co.* (1992), 64 Ohio St.3d 642, 645, 597 N.E.2d 504. Because an independent contractor has no interest in the premises, we must look to the law of negligence to determine appellee's duty of care. Id.

{¶ 17} The law of negligence provides that a defendant's duty to a plaintiff depends upon the relationship between the parties and the foreseeability of injury to someone in the plaintiff's position. *Huston v. Konieczny* (1990), 52

Ohio St.3d 214, 217, 556 N.E.2d 505. Injury is foreseeable when a defendant knows or should know that its act is likely to result in harm to someone. Id. Whether a duty exists in any particular case is a question of law for the court to decide. *Mussivand v. David* (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265.

{¶ 18} In the instant case, it is the opinion of this court that it was reasonably foreseeable that Stateline TPA employees who parked their vehicles in the front parking lot would not see the hole behind the building, that they would exit through the rear door of the building to walk to the other building, and that they would be injured as a result of falling into the hole, which was nearly three feet deep. Accordingly, it is the determination of this court that appellee did, in fact, owe a duty of care to Stateline TPA employees, including appellant.

{¶ 19} Arguing against this conclusion, appellee states that a proper analysis of foreseeability of injury in this case requires consideration of the additional fact that prior to the excavation, appellee was informed that Stateline TPA and property owner Tomahawk Development Company would assume responsibility for securing the inside of the building and alerting the employees of the work to be done. According to appellee, it was not foreseeable that a Stateline TPA employee would exit through the rear door after being informed of the danger and of the fact that employees would not be permitted to exit through the rear door. In the opinion of this court, the fact that others may have undertaken a duty to do their part to protect the Stateline TPA employees does nothing to relieve appellee of its duty of care with respect to those same employees.

{¶ 20} For the foregoing reasons, we find appellant's first assignment of error well taken.

{¶ 21} In her second assignment of error, appellant claims that the trial court erred in determining that she was properly warned of the danger associated with the repair of the gas leak. In support of this determination, the trial court relied on the following facts: (1) Stateline TPA notified its employees of the danger by e-mail Friday, November 19, 1999, (2) Stateline TPA posted signs on the interior and exterior of the rear door warning of the danger, and (3) appellee barricaded the hole on the perimeter of three sides and used the rear of the building to barricade the fourth side. According to appellant, when construing the evidence in a light most favorable to her, as we are compelled to do, it becomes clear that there are genuine issues of material fact as to whether she was properly warned of the danger.

{¶ 22} The law is clear that once a duty is found to exist, a plaintiff must demonstrate that the defendant breached its duty of care and that the breach proximately caused the plaintiff's injury. *Mussivand v. David* (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265. Here, it must be determined whether

appellee breached its duty of care by failing to properly warn appellant of the danger. In addition, it must be determined whether appellant was contributorily negligent. Under the comparative-negligence statute, a plaintiff may recover where his or her contributory negligence is equal to or less than the combined negligence of all the defendants. R.C. 2315.19. The level of contributory negligence of the injured party is a question for the jury unless the evidence is so compelling that reasonable minds can reach but one conclusion. *Simmers*, supra, 64 Ohio St.3d at 646, 597 N.E.2d 504.

{¶ 23} Here, the facts are uncontroverted that Stateline TPA notified its employees by e-mail on the afternoon of Friday, November 19, 1999, that there would be a hole outside the rear of its building over the following few days and into the next week. Appellant's construction expert, Frank Burg, stated by affidavit that it is insufficient to warn a person about a hazard in writing because "a human will forget a warning that is not specifically identified with a visual hazard." In addition to this issue concerning the overall adequacy of the written warning in this case is a question regarding the adequacy of the timing of the warning. As a result of the interruption of the weekend, appellant did not encounter the hazard she had been cautioned against until Monday, November 22, 1999, three days after receiving the written warning.

{¶ 24} In the opinion of this court, Burg's testimony, together with the fact that the e-mail was sent to the Stateline TPA employees three days before most, if not all, employees would encounter the hazard, creates a genuine issue of material fact as to whether the warning was proper. That appellant read this warning three days before she first encountered the hazard creates an issue of contributory negligence for the jury to resolve, as reasonable minds could reach different conclusions based on the evidence.

{¶ 25} As indicated above, the trial court also relied on the signs posted on the interior and exterior of the rear door as evidence that appellant received a proper warning. There is a dispute, however, as to when these signs were posted on the door. Although representatives of appellee and Stateline TPA have testified that the signs were posted on both sides of the rear door before appellant's accident, appellant has testified that she did not see the sign on the interior of the door as she walked through it on the morning of November 22, 1999. Because there remains a genuine issue of material fact as to whether the signs were posted on the door before or after appellant's fall, the trial court erred in relying upon evidence of the signs to conclude that appellant had been properly warned of the danger.

{¶ 26} The final piece of evidence relied upon by the trial court in making its determination that appellant was properly warned was the fact that appellee placed barricades on the three sides of the hole that did not face the building and

used the rear of the building to barricade the fourth. Those precautions did nothing to protect appellant, who exited through the rear door of the building and encountered the hole without any sort of protection to prevent her fall. Thus, the trial court's reliance on evidence of appellee's barricades in support of its finding that appellant was properly warned was clearly misplaced.

{¶ 27} According to appellee, any duty it may have had to warn appellant was fulfilled when Stateline TPA informed appellant via e-mail of the repair work that was to be done. Appellee further argues that any duty it had to warn appellant was fulfilled when Stateline TPA and Tomahawk Development Company informed appellee that the Stateline TPA employees would be warned and would not be permitted to exit through the back door.

{¶ 28} Whether appellee fulfilled its duty to warn by relying on others to issue the warnings and whether those warnings were adequate are questions of fact for determination by a jury.

{¶ 29} On the record before us, reasonable minds can reach different conclusions as to (1) whether appellee breached its duty, (2) whether appellant was contributorily negligent, (3) the extent to which the negligence of appellee or appellant (if any such negligence be found) was the proximate cause of appellant's injuries, and (4) what percentages (if applicable) of the damages should be attributed to the parties. Accordingly, appellant's second assignment of error is well taken.

{¶ 30} We reverse the trial court's judgment and remand this matter to the Lucas County Court of Common Pleas for further proceedings consistent with this decision and judgment entry.

Judgment reversed.

PIETRYKOWSKI and GLASSER, JJ., concur.

GEORGE M. GLASSER, J., retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.