OPINION *Page 2 
{¶ 1} On March 15, 2004, appellant, Hugh Friel, arrived at a partially constructed home to perform an inspection. During the inspection, appellant fell through a hole in the floor, an empty stair box, and landed on the basement floor beneath, sustaining injuries.
 {¶ 2} On April 5, 2005, appellant, together with his wife, Dorothy Friel, filed a complaint against the general contractor, appellee, Shonebarger General, LLC, claiming workplace negligence, economic loss and loss of consortium.
 {¶ 3} On April 28, 2006, appellee filed a motion for summary judgment. By judgment entry filed August 28, 2006, the trial court granted the motion, finding the stairway hole in the floor was an open and obvious hazard. A nunc pro tunc judgment entry was filed on August 29, 2006.
 {¶ 4} Appellants filed an appeal and this matter is now before the court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT ERRED BY MISAPPLYING THE OPEN AND OBVIOUS DOCTRINE TO A DANGEROUS CONDITION, CREATED BY AN INDEPENDENT CONTRACTOR WHICH DID NOT HAVE AN OWNERSHIP INTEREST IN THE PROPERTY, IN DIRECT CONTRAVENTION OF THE HOLDING IN SIMMERS V. BENTLEY CONSTRUCTIONCO., 64 OHIO ST. 3D 642 (1991)."
 II {¶ 6} "THE TRIAL COURT ERRED BY GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT SINCE THERE EXIST GENUINE ISSUES OF *Page 3 
MATERIAL FACT WHICH PRECLUDE SUCH A JUDGMENT IN FAVOR OF THE DEFENDANT CONTRACTOR WHICH INTER ALiA LEFT AN UNPROTECTED OPENING ON A RESIDENTIAL CONSTRUCTION SITE, REMOVED OSHA-REQUIRED PROTECTIVE GUARDRAILS AROUND THE SAME, AND CONCEALED SAID OPENING WITH A NON-TRANSPARENT, PLASTIC COVER."
 I {¶ 7} Appellants claim the trial court erred in finding the open and obvious doctrine applicable to a general contractor with no ownership interest in the property. We disagree.
 {¶ 8} In support of their argument, appellants rely on the case ofSimmers v. Bentley Construction Company, 64 Ohio St. 3d 642,1992-Ohio-42. We find the holding in Simmers to be inapplicable and distinguishable from the facts sub judice. In Simmers, the independent contractor conceded it created a dangerous condition on a railroad bridge. However, the independent contractor did not have the right to control or to be on the bridge, nor did the independent contractor control the bridge. Therefore, in the strictest sense, the independent contractor was not an occupier:
 {¶ 9} "The `open and obvious' doctrine states that an owner or occupier of property owes no duty to warn invitees entering the property of open and obvious dangers on the property. Sidle v. Humphrey (1968),13 Ohio St.2d 45, 42 O.O2d 96, 233 N.E.2d 589, at paragraph one of the syllabuses; Paschal v. Rite Aid Pharmacy, Inc.(1985), 18 Ohio St.3d 203,18 OBR 267, 480 N.E.2d 474. The rationale behind the doctrine is that the open and obvious nature of the hazard itself serves as a warning. *Page 4 
Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves. * * *
 {¶ 10} "Historically, a landowner's liability in tort is incident to the occupation or control of the land, which involves the owner's right and power to admit and exclude people from the premises. Wills v. FrankHoover Supply (1986), 26 Ohio St.3d 186, 188, 26 OBR 160, 162,497 N.E.2d 1118, 1120; Mitchell v. Cleveland Elec. Illum. Co. (1987),30 Ohio St.3d 92, 94, 30 OBR 295, 297, 507 N.E.2d 352, 354. The `open and obvious' doctrine, therefore, governs a landowner's duty to persons entering the property-property over which the landowner has the right and power to admit or exclude persons as invitees, licensees, or trespassers.
 {¶ 11} "* * *
 {¶ 12} "Accordingly, we hold that an independent contractor who creates a dangerous condition on real property is not relieved of liability under the doctrine which exonerates an owner or occupier of land from the duty to warn those entering the property concerning open and obvious dangers on the property." Simmers at 644-645.
 {¶ 13} In this case, appellee was hired to construct the home and had physical control over the entire construction project. Shonebarger depo. at 33-34. The homeowners were not entitled to take possession of the home until the sale was finalized and the job was complete. Id. at 34. We therefore conclude appellee was an occupier of the premises, and the open and obvious doctrine was applicable to appellee.
 {¶ 14} Assignment of Error I is denied. *Page 5 
 II {¶ 15} Appellants claim the trial court erred in granting summary judgment to appellee. We agree.
 {¶ 16} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211:
 {¶ 17} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 18} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 19} Appellants argue there exist genuine issues of material fact that bar dismissal under the open and obvious doctrine. Appellants argue the unguarded stairway opening to the basement was concealed by a tarp and therefore the hole was not open and obvious. *Page 6 
 {¶ 20} In his deposition at 44, appellant Hugh Friel stated there was plastic on the wall, "the area adjacent to where the stair hole was and then there was across over into the stair hole where it was not visible, it was covered where you could not see it [the stair opening]." He described the plastic as "opaque" and "dirty." H. Friel depo. at 45. At the time of the fall, appellant Hugh Friel was unaware there was a basement to the home, and he was discussing the truss construction with Eric Shonebarger. Id. at 47, 51-52.
 {¶ 21} A paramedic, Anthony Kinsey, observed the scene and noted there was no guardrail, and the plastic was hanging from the side of the hole in the floor. Kinsey depo. at 16. He described the plastic as "opaque * * * a dirty clear or something." Id. at 18.
 {¶ 22} Appellee's employee, Terry Winegardner, admitted the plastic was placed over the stairwell opening to keep the heat in while the concrete was curing. Winegardner depo. at 12. Eric Shonebarger stated appellant was "simply reading the prints, looking up and walking forward at the same time" when he fell. Shonebarger depo. at 54. Appellant walked out of the laundry room area through the door frame and fell into the opening. Id. at 56. Mr. Shonebarger stated the plastic was not spread on the floor, but bunched up between the stair box and the garage. Id. at 59. The plastic was partially pulled through the stud wall opening and was hanging down. Id. at 60. The plastic was not placed over the stair box when appellant fell. Id. at 64. Mr. Shonebarger had removed the plastic from the stair box prior to appellant's fall, and had removed the guardrail prior to the inspection. Id. at 65, 68, 71. *Page 7 
 {¶ 23} Under a summary judgment standard, we must construe the evidence against the moving party and in favor of the non-movant. There were two people present at the time of the fall, appellant says the hole was not visible because it was covered, and Mr. Shonebarger says it was uncovered and appellant failed to look. Based upon the nature of the evidence, we find the trial court erred in granting summary judgment to appellee as there exist genuine issues of material fact on the status of the stairway opening.
 {¶ 24} Appellants also argue appellee was negligent in failing to provide safeguards and warnings as to the dangerous conditions on the premises. Appellants argue negligence should be imputed against appellee.
 {¶ 25} We find the trial court only addressed the issue of the open and obvious doctrine to the facts presented. In its motion for summary judgment, appellee argued because a construction job site is an inherently dangerous place, it was foreseeable to appellant there were dangers that he should have guarded against. Bond v. HowardCorporation, 72 Ohio St.3d. 332, 1995-Ohio-81. A reasonably prudent inspector should have foreseen the possibility of a danger.
 {¶ 26} As such, this issue was not fully developed in the depositions. We find given the status of the facts still at issue, summary judgment would have been inappropriate.
 {¶ 27} Assignment of Error II is granted. *Page 8 
 {¶ 28} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed in part and reversed in part.
 By Farmer, J. Gwin, P.J. and Wise, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed in part and reversed in part, and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellants. *Page 1