JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App. R. 11.1 and Loc. App. R. 11.1.
 {¶ 2} Plaintiff-appellant, Mary Ellen Schrader ("Schrader"), appeals from the judgment of the Common Pleas Court, which granted the motion for summary judgment of defendant-appellee, McTech Corporation ("McTech") and sua sponte granted summary judgment to defendants-appellees, Anthony Allega Cement Contractors, Inc. ("Allega"), and the Greater Cleveland Regional Transit Authority ("GCRTA") (collectively referred to as "defendants"). For the following reasons, we reverse and remand.
 {¶ 3} A review of the record reveals the following facts: Allega and McTech[1] were hired by GCRTA to make improvements to GCRTA's bus routes, including repairs to city streets, curbing, and sidewalks in front of the Justice Center in Cleveland, Ohio. Throughout the construction work, large orange barrels were placed around the construction work zones to warn pedestrians of the potholes and excavation holes.
 {¶ 4} On August 8, 2005, at approximately 4:20 p.m., Schrader, an employee at the Justice Center, was leaving work. Schrader was familiar with the construction zone on the southwest corner of Ontario Street and St. Clair Avenue, since she walks south on Ontario toward Tower City Center every day. As Schrader left the Justice Center and headed toward the intersection of Ontario Street and St. Clair *Page 5 
Avenue, it was raining heavily, and Schrader observed that the orange barrels had been moved from the street to the sidewalk area behind the construction area. Assuming that the construction had concluded, that the perimeter had changed, or the excavation had been filled in, Schrader crossed the intersection at the southwest corner of Ontario Street and St. Clair Avenue, fell into an open excavation that was filled with dirty water, and sustained serious injuries.
 {¶ 5} On August 8, 2007, Schrader filed an amended complaint in the Court of Common Pleas against the defendants alleging personal injury as a result of the fall.
 {¶ 6} On January 8, 2008, McTech filed its motion for summary judgment. On January 31, 2008, Schrader filed her brief in opposition. On March 11, 2008, the trial court granted McTech's motion for summary judgment. On April 7, 2008, the trial court sua sponte granted summary judgment in favor of Allega and GCRTA finding that they were "in the same factual position as McTech."
 {¶ 7} It is from this decision that Schrader now appeals and raises two assignments of error for our review.
 {¶ 8} "I. The trial court erred in granting summary judgment against appellant in favor of defendant-appellee McTech Corporation, Inc. because the ruling was against the manifest weight of the evidence and the arguments presented in appellant's brief in opposition leaving genuine issues of material facts that must be considered by a jury or trier of the facts." *Page 6 
 {¶ 9} In this assignment of error, Schrader claims that the trial court erred in granting summary judgment in favor of the defendants because genuine issues of material fact existed concerning her claim for personal injury.
 {¶ 10} An appellate court reviews a trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105, 1996-Ohio-336. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial." Brewer v. Cleveland City Schools (1997), 122 Ohio App.3d 378, citing Dupler v. Mansfield Journal (1980), 64 Ohio St.2d 116, 119-120.
 {¶ 11} Summary judgment is appropriate where it appears that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v.Willis Day Warehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66; Civ. R. 56(C).
 {¶ 12} The burden is on the movant to show that no genuine issue of material fact exists. Id. Conclusory assertions that the nonmovant has no evidence to prove its case are insufficient. The movant must specifically point to evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc., which affirmatively demonstrate that the nonmovant has no evidence *Page 7 
to support his claims. Dresher v. Burt, 75 Ohio St.3d 280, 293,1996-Ohio-107; Civ. R. 56(C). Unless the nonmovant then sets forth specific facts showing there is a genuine issue of material fact for trial, summary judgment will be granted to the movant.
 {¶ 13} With these principles in mind, we proceed to consider whether the trial court's grant of summary judgment in favor of the defendants was appropriate.
A. McTech and Allega
 {¶ 14} An independent contractor who creates a dangerous condition on real property is not relieved of liability under the doctrine that exonerates an owner or occupier of land from the duty to warn those entering the property concerning open and obvious dangers on the property. Simmers v. Bentley Construction Co., 64 Ohio St.3d 642, 645,1992-Ohio-42; Nichols v. The Lathrop Company, 159 Ohio App.3d 702, 706,2005-Ohio-801; Vanatta v. Akers, Cuyahoga App. Nos. 82361 and 82422,2003-Ohio-6615.
 {¶ 15} Here, McTech and Allega were independent contractors who had no property interest in the premises and allegedly created a dangerous condition at the southwest corner of Ontario Street and St. Clair Avenue. Since McTech and Allega have no interest in the premises, we must look to the law of negligence to determine McTech's and Allega's duty of care. Id.; Sanders v. Anthony Allega Contractors, et al. (Dec. 30, 1999), Cuyahoga App. No. 74953. *Page 8 
 {¶ 16} In order to defeat a motion for summary judgment on a negligence claim, a plaintiff must establish that a genuine issue of material fact remains as to whether: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; and (3) the breach of duty proximately caused the plaintiff's injury. Texler v. D.O.Summers Cleaners Shirt Laundry Co. (1998), 81 Ohio St.3d 677, 680.
 {¶ 17} The law of negligence provides that a defendant's duty to a plaintiff depends upon the relationship between the parties and the foreseeability of injury to someone in the plaintiff's position.Nichols v. The Lathrop Company, supra at 706-707. An injury is foreseeable where a defendant knows or should have known that its act or omission was likely to result in harm to someone. Id. at 707. Whether a duty exists in any particular case is a question of law for the court to decide. Id., citing Mussivand v. David (1989), 45 Ohio St.3d 314, 318.
 {¶ 18} Here, we find that it was reasonably foreseeable that a pedestrian crossing the intersection at the southwest corner of Ontario Street and St. Clair Avenue could be injured by stepping into an excavation hole that was filled with water and not marked by orange construction barrels. Therefore, we find that McTech and Allega owed Schrader a duty of care. Mussivand v. David, supra at 318.
 {¶ 19} Once the existence of duty is found, a plaintiff must show that the defendant breached the duty and the breach proximately caused her injury. *Page 9 
Schrader argues that Allega and McTech failed to adequately warn her of the excavation holes. Specifically, Schrader claims that because the orange barrels had been removed from the area, she was justified in assuming that the construction had concluded, that the perimeter had changed, or that the excavation had been filled in. In response, McTech and Allega argue that Schrader knew she was walking in a construction zone, during a heavy rainstorm, and that Schrader's negligence entitles them to summary judgment as a matter of law.
 {¶ 20} Schrader's contributory negligence, if any, is not an automatic bar to recovery of damages that are directly and proximately caused by McTech's and Allega's negligence. Rather, under R.C. 2315.19, the comparative negligence statute, Schrader may still recover damages where her contributory negligence is equal to or less than the combined negligence of all the defendants. The level of contributory negligence of an injured party is a question for the jury unless the evidence is so compelling that reasonable minds can reach one conclusion.Simmers, supra; Nichols, supra at 708; Sanders, supra at 14-15.
 {¶ 21} Here, we find that reasonable minds could reach different conclusions as to (1) whether McTech and Allega breached their duty to warn Schrader of the dangers they created; (2) whether Schrader was contributorily negligent; (3) if found to be negligent, to what extent the negligence of McTech, Allega, or Schrader herself were the proximate cause of Schrader's injuries; and (4) what percentage of the *Page 10 
damages should be attributed to each of the respective parties.Nichols, supra at 709; Sanders, supra at 15.
 {¶ 22} Accordingly, we reverse the trial court's entry of summary judgment in favor of McTech and Allega and remand the matter to the trial court for further proceedings consistent with this opinion.
B. GCRTA
 {¶ 23} Under the open and obvious doctrine, the owner or occupier of property does not owe a duty to warn persons on that property of dangers that are open and obvious. Sidle v. Humphrey (1968), 13 Ohio St.2d 45,48; Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573
(the nature of the open and obvious hazard itself serves as the warning). If the open and obvious doctrine is applicable, it obviates the duty to warn and acts as a complete bar to recovery unless the plaintiff can establish attendant circumstances. Armstrong, supra at 80;McGuire v. Sears, Roebuck Co. (1996), 118 Ohio App.3d 494. Attendant circumstances refer to circumstances surrounding the event, such as time and place of the event and the environment or background of the event, but particularly to conditions normally existing that unreasonably increase the normal risk of a harmful event. Id.
 {¶ 24} Here, it is unclear from the record whether GCRTA is an owner or occupier of the intersection where the accident occurred. While GCRTA does not own the street, sidewalk, or curbing at the southwest corner of Ontario Street and St. *Page 11 
Clair Avenue, it could be considered an occupier of the property. See, generally, Friel v. Shonebarger General, LLC, Licking App. No. 06CA112,2007-Ohio-2809.
 {¶ 25} However, even assuming that the open and obvious doctrine is applicable to GCRTA, we still find that GCRTA was not entitled to summary judgment because there were attendant circumstances which precluded the use of the open and obvious doctrine in this case. Specifically, Schrader testified that the orange construction barrels that had previously marked the excavation site had been moved and the hole she fell in was filled with dirty water from the heavy rain falling that day.
 {¶ 26} We find that these circumstances constitute attendant circumstances because the lack of orange barrels to warn people of the excavation zones, where there had previously been orange barrels, on a day when substantial rain had fallen and filled the excavation holes with dirty water, created a substantial risk of pedestrians falling and injuring themselves. The condition was not open and obvious because Schrader testified that she did not see the hole prior to her fall because it was filled with water and it was not marked by orange barrels.
 {¶ 27} Accordingly, we conclude that there was a genuine issue of fact with regard to whether attendant circumstances created conditions that made the excavation hole not open and obvious. That is, the number of pedestrians crossing at this intersection, in a heavy rain without orange barrels, made it impossible to determine where the excavation holes or potholes were. Id. *Page 12 
 {¶ 28} Assignment of error I is sustained.
 {¶ 29} "II. The trial court erred [in] its determination that the same factual circumstances are applicable to the other remaining defendants and granted sua sponte summary judgment in favor of defendant-appellees Allega Cement Contractors, Inc. and the Greater Cleveland Regional Transit Authority."
 {¶ 30} In this assignment of error, Schrader argues that the trial court erred in granting summary judgment to Allega and GCRTA because there were no motions for summary judgment pending. Civ. R. 56 does not authorize courts to enter summary judgment in favor of non-moving parties unless all relevant evidence is before the court, no genuine issue as to any material fact exists, and the non-moving party is entitled to judgment as a matter of law. State ex rel. J.J. DetweilerEnt, Inc. v. Warner, 103 Ohio St.3d 99, 101, 2004-Ohio-4659.
 {¶ 31} In the previous assignment of error, we held that there were genuine issues of fact with regard to the claims against Allega and GCRTA. Accordingly, the trial court erred in sua sponte granting summary judgment to them under the circumstances present in this case. Id.
 {¶ 32} Assignment of error II is sustained.
Judgment reversed and remanded.
It is ordered that appellant recover from appellees her costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 13 
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, J., and ANN DYKE, J., CONCUR
[1] Allega was the general contractor on the job and McTech was a sub-contractor hired by Allega. *Page 1