[Cite as *Tyson v. Dolgencorp, L.L.C.*, 2012-Ohio-458.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

VICTORIA TYSON

      Appellant

      v.

DOLGENCORP, LLC, dba DOLLAR
GENERAL

      Appellee

C.A. No.     25859

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2010 01 0551

DECISION AND JOURNAL ENTRY

Dated: February 8, 2012

DICKINSON, Judge.

## INTRODUCTION

{¶1} Victoria Tyson was shopping at Dollar General when she turned left down an aisle, slipped on some liquid soap, and fell to the floor. As she was standing back up, she saw that someone had placed a caution sign further down the aisle. She sued the owner of the store, Dolgencorp LLC, for negligence, alleging that it knew there was a dangerous condition but failed to adequately warn her. The trial court granted summary judgment to Dolgencorp, concluding that it met its duty to warn its customers about the hazard. We reverse because there is a genuine issue of material fact regarding whether Dolgencorp provided adequate notice of the hazard.

## DUTY TO WARN

{¶2} Ms. Tyson's assignment of error is that the trial court incorrectly granted summary judgment to Dolgencorp. Although she has made several arguments for reversal, we only need to address the first one because it is dispositive. According to Ms. Tyson, the trial

court incorrectly determined that Dolgencorp met its duty to warn its customers by placing a single caution sign in the area of the spill.

{¶3} The trial court correctly noted that, because Ms. Tyson was a business invitee, to recover for her slip-and-fall injuries, she must demonstrate "1. That the defendant through its officers or employees was responsible for the hazard complained of; or 2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or 3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care." *Johnson v. Wagner Provision Co.*, 141 Ohio St. 584, 589 (1943). In this case, it is not disputed that Dolgencorp's employees knew that something had been spilled on the floor. The question, therefore, is whether Dolgencorp gave adequate notice of the hazard to its customers. *Id.*

{¶4} In its motion for summary judgment, Dolgencorp argued that it met its duty to warn. The trial court agreed, concluding that Dolgencorp gave adequate notice to its customers because it "placed a warning/caution sign at the site of the spill" "in accordance with [its] Standard Operating Procedures[.]" Whether a company has provided "adequate notice of [a hazard's] presence," however, is a question of fact for a jury to determine. *Nichols v. Lathrop Co.*, 159 Ohio App. 3d 702, 2005-Ohio-801, at ¶ 28 (6th Dist.); *Nienhaus v. Kroger Co.*, 10th Dist. No. 00AP-1083, 2001 WL 664444 at *3 (June 14, 2001).

{¶5} Assuming, for the sake of argument, that Dolgencorp's company policy could establish what was "adequate notice" to its customers, we note that the policy provided that employees should "[b]lock off the area of the spill with [a] 'Caution Wet Floor' sign until the area is dry." While the policy left the meaning of the term "[b]lock off" ambiguous, the manager

of the store explained at her deposition that the store has six caution signs and that, if there is a spill in an aisle, she is required to place one sign over the spill and another at each end of the aisle in which the spill occurred.

{¶6} Ms. Tyson testified at her deposition that she saw a caution sign as she was getting up after her fall, but said it was four feet away from the spill and on the opposite side of the spill from which she had approached. Another customer, who witnessed Ms. Tyson's fall, said in her affidavit that she saw liquid soap on the floor, saw an employee get a single warning sign, and saw the employee place the sign to the side of the spill. Accordingly, viewing the evidence in a light most favorable to Ms. Young, Dolgencorp's employees failed to "[b]lock off" the spill to customers. Upon review of the record, we conclude that a genuine issue of material fact exists regarding whether Dolgencorp provided adequate notice of the spill. See *Kraft v. Dolgencorp Inc.*, 7th Dist. No. 06 MA 69, 2007-Ohio-4997, at ¶ 38 (concluding evidence was unclear whether caution sign was in appellant's line of vision before her fall); *Nichols v. Lathrop Co.*, 159 Ohio App. 3d 702, 2005-Ohio-801, at ¶ 28 (6th Dist.) (concluding trial court incorrectly relied on evidence that company barricaded three sides of a hole because the barricades "did nothing to protect appellant, who exited through the rear door of the building and encountered the hole without any sort of protection to prevent her fall."). Ms. Tyson's assignment of error is sustained.

## CONCLUSION

{¶7} The trial court incorrectly determined that there was no question that Dolgencorp met its duty to warn its customers about the spill that caused Ms. Tyson's fall. The judgment of the Summit County Common Pleas Court is reversed.

Judgment reversed,
and cause remanded.

4

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CLAIR E. DICKINSON
FOR THE COURT

BELFANCE, P. J.
MOORE, J.
CONCUR

APPEARANCES:

NICHOLAS E. PHILLIPS, Attorney at Law, for Appellant.

BRADFORD W. LONGBRAKE, and HOLLY MARIE WILSON, Attorneys at Law, for Appellee.