[Cite as *Norman v. Tri-Arch, Inc.*, 2018-Ohio-5270.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

JASMINE NORMAN

      Appellant

      v.

TRI-ARCH INC., et al.

      Appellee

C.A. No.     18CA011295

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    17CV191784

DECISION AND JOURNAL ENTRY

Dated: December 28, 2018

HENSAL, Judge.

**{¶1}** Jasmine Norman appeals a judgment of the Lorain County Court of Common Pleas that granted summary judgment to Tri-Arch, Inc. on her negligence claim. For the following reasons, this Court reverses.

I.

**{¶2}** Ms. Norman went through the drive-thru of a McDonald's restaurant that is operated by Tri-Arch to buy coffee for her aunt. Because the coffee was not ready, the drive-thru worker asked Ms. Norman to pull up to a designated area to wait for it. While waiting, Ms. Norman decided to use the restroom, so she exited her car and entered the restaurant.

**{¶3}** According to Ms. Norman, she made her way to the restroom without incident. She did not observe anyone mopping or any wet floor signs. While she was in the restroom, however, an employee mopped the floor where she had walked. According to Ms. Norman, she

was in the restroom for three minutes. While rushing back to her car, she slipped and fell on the wet flooring, suffering contusions.

{¶4}    Ms. Norman filed a complaint against McDonald's and the unknown employee, alleging negligence. She later amended her complaint to substitute Tri-Arch for McDonald's. Tri-Arch moved for summary judgment, arguing that the wet floor was an open and obvious condition and that it had provided adequate warning of the danger. The trial court granted its motion. Ms. Norman has appealed, assigning two errors that she has argued together.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT IMPROPERLY GRANTED SUMMARY JUDGMENT IN FAVOR OF THE APPELLEES ON APPELLANT'S NEGLIGENCE CLAIM BECAUSE QUESTIONS OF FACT AS TO WHETHER THE HAZARD WAS OPEN AND OBVIOUS REMAIN WHICH SHOULD HAVE PRECLUDED SUMMARY JUDGMENT.

ASSIGNMENT OF ERROR II

THE TRIAL COURT, IN IMPROPERLY GRANTING SUMMARY JUDGMENT, WRONGFULLY FAILED TO WEIGH EVIDENCE IN FAVOR OF THE NON-MOVING PARTY, AND INSTEAD, WEIGHED CRUCIAL EVIDENCE IN FAVOR OF THE MOVING PARTY.

{¶5}    Ms. Norman argues that the trial court incorrectly granted summary judgment to Tri-Arch. Under Civil Rule 56(C), summary judgment is appropriate if:

(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that it

is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 293, quoting Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶6} Tri-Arch argued in its motion for summary judgment that it was not liable for Ms. Norman's fall because the wet floor was an open and obvious condition. To prevail in her negligence action, Ms. Norman has to establish: "(1) the existence of a duty, (2) a breach of that duty, and (3) an injury proximately resulting from the breach." *Robinson v. Bates*, 112 Ohio St.3d 17, 2006–Ohio–6362, ¶ 21. The legal duty owed to an injured party is dictated by the relationship between the owner of the premises and the injured party. *Hidalgo v. Costco Wholesale Corp.*, 9th Dist. Lorain No. 12CA010191, 2013–Ohio–847, ¶ 7. A business invitee is a "person[ ] who come[s] upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner." *Mondi v. Stan Hywet Hall & Gardens, Inc.*, 9th Dist. Summit No. 25059, 2010–Ohio–2740, ¶ 12, quoting *Light v. Ohio Univ.*, 28 Ohio St.3d 66, 68 (1986). The parties do not dispute that Ms. Norman was a business invitee.

{¶7} "A shopkeeper owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger." *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 203 (1985). "A shopkeeper is not, however, an insurer of the customer's safety." *Id*. "[If] a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." *Armstrong v. Best Buy Co. Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, syllabus. "[T]he open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims." *Id*. at ¶ 5. "The rationale behind the doctrine is that the open and obvious nature of the hazard

itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644 (1992).

{¶8} Open and obvious dangers are not hidden, are not concealed from view, and are discoverable upon ordinary inspection. *Kirksey v. Summit Cty. Parking Deck*, 9th Dist. Summit No. 22755, 2005-Ohio-6742, ¶ 11. "The determinative issue is whether the condition [was] observable." *Id.* "[T]he dangerous condition * * * does not actually have to be observed by the plaintiff in order for it to be an 'open and obvious' condition under the law." *Id.* The question is whether the plaintiff "could have seen [it] if * * * [she] had looked. *Id.*

{¶9} To determine whether a danger was open and obvious, this Court considers the hazard itself and any attendant circumstances that existed at the time of the incident. *Marock v. Barberton Liedertafel*, 9th Dist. Summit No. 23111, 2006-Ohio-5423, ¶ 14 ("[C]onsideration of attendant circumstances is merely a generalized version of the reasonableness test subsumed by the open and obvious doctrine."). "While there is no precise definition of attendant circumstances, they * * * include 'any distraction that would come to the attention of a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time.'" *Jenks v. City of Barberton*, 9th Dist. Summit No. 22300, 2005-Ohio-995, ¶ 16, quoting *McLain v. Equitable Life Assurance Co.*, 1st Dist. Hamilton No. C-950048, 1996 Ohio App. LEXIS 926, *14 (Mar. 13, 1996).

{¶10} Tri-Arch argued in its motion for summary judgment that the hazard was open and obvious because it had placed caution signs throughout the restaurant and they would have been observable to Ms. Norman. The caution signs, however, were not part of the danger to Ms. Norman. It was the wet floor that was the hazard. The question is whether the wet floor was an

open and obvious danger. *See Reeves v. St. Leonard*, 2d Dist. Montgomery No. 27494, 2017-Ohio-7433, ¶ 27 (explaining that presence of wet floor signs did not alter whether the hazard itself was open and obvious); *Kraft v. Dolgencorp, Inc.*, 7th Dist. Mahoning No. 06 MA 69, 2007-Ohio-4997, ¶ 37 ("[A] posted warning sign is not determinative in assessing an open and obvious condition since it is the nature of the condition that is presumed to warn the invitee of its danger.").

{¶11} In support of its motion, Tri-Arch submitted an affidavit from the employee who had set out the wet floor signs. He averred that he put out the signs because the floor had been dry-mopped to keep it clean from snow and water being tracked into the restaurant by customers. Tri-Arch also submitted a record of the weather conditions at the Lorain County Regional Airport, showing that there was light snow at the airport most of that day. Tri-Arch also submitted a security video that captured Ms. Norman's fall. The video also shows an employee sweeping a mop over the part of the floor where Ms. Norman fell less than a minute before her fall.

{¶12} Viewing the evidence that Tri-Arch submitted in a light most favorable to Ms. Norman, we conclude that it does not establish that there is no genuine issue that someone exiting the restroom would have been able to see that the floor where Ms. Norman fell was wet. We note that the video does not have a crisp resolution. We also note that the camera that recorded it appears to have been near the door where Ms. Norman first entered the restaurant and does not show what the floor would have looked like to someone exiting the restrooms.

{¶13} Tri-Arch also argued in its motion for summary judgment that it adequately warned Ms. Norman of the danger. "Whether a company has provided 'adequate notice of [a hazard's] presence,' however, is a question of fact for a jury to determine." *Tyson v.*

*Dolgencorp, LLC*, 9th Dist. Summit No. 25859, 2012-Ohio-458, ¶ 4, quoting *Nichols v. Lathrop Co.*, 159 Ohio App.3d 702, 2005-Ohio-801, ¶ 28 (6th Dist.). Upon review of the record, we conclude that the evidence Tri-Arch submitted in support of its motion for summary judgment did not establish that there is no genuine issue as to whether it adequately warned Ms. Norman of the wet floor condition.

{¶14} Tri-Arch did not satisfy its burden of demonstrating there was no genuine issue as to any material fact and that it was entitled to judgment as a matter of law. We, therefore, conclude that the trial court incorrectly granted summary judgment to it. Ms. Norman's assignments of error are sustained.

### III.

{¶15} Ms. Norman's assignments of error are sustained. The judgment of the Lorain County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

     Costs taxed to Appellee.

_____
JENNIFER HENSAL
FOR THE COURT

SCHAFER, P. J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

PATRICK J. EBNER, Attorney at Law, for Appellant.

JAY S. HANSON, Attorney at Law, for Appellee.