DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Stuart Greenwald, appeals from the decision of the Medina County Court of Common Pleas which granted the motion for summary judgment of Appellee, Mapleside Farms, Inc. ("Mapleside"). We affirm.
 I. {¶ 2} On October 10, 2002, Mr. Greenwald filed a complaint against Mapleside seeking damages for injuries he sustained when leaving the Mapleside restaurant. Shortly thereafter, Mapleside filed a motion for summary judgment and Mr. Greenwald responded in opposition. The trial court granted the motion for summary judgment upon finding that Mr. Greenwald failed to produce evidence indicating that Mapleside breached a duty owed to him. It is from this order that Mr. Greenwald appeals, raising one assignment of error.
 II. Assignment of Error I
"The trial court's grant of [Mr. Greenwald's] motion for summary judgment was in error, as there exist material issues of fact, which [Mr. Greenwald] is entitled to present to a jury at trial and the trial court failed to construe the evidence in a light most favorable to [Mr. Greenwald], as they are required to do under Civ.r. 56(C)."
 {¶ 3} In his sole assignment of error, Mr. Greenwald asserts that the trial court committed error by granting Mapleside's motion for summary judgment. Specifically, Mr. Greenwald maintains that he "can produce evidence upon which a reasonable juror could conclude that [Mapleside] was liable for [his] injuries[.]" Mr. Greenwald further maintains that genuine issues of material fact remain regarding the adequacy of lighting, where the incident occurred, and the foreseeable attendant circumstances encountered when departing a restaurant. Mr. Greenwald's assertions lack merit.
 {¶ 4} Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
An appellate court reviews a trial court's granting of summary judgment de novo. Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 105, 1996-Ohio-336; Klingshirn v. Westview Concrete Corp.
(1996), 113 Ohio App.3d 178, 180. Any doubt is to be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co.
(1983), 13 Ohio App.3d 7, 12.
 {¶ 5} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and is to identify portions of the record that demonstrate the absence of genuine issues of material fact as to an essential element of the non-moving party's claims. Dresher v. Burt,75 Ohio St.3d 280, 293, 1996-Ohio-107. The burden will then shift to the non-moving party, to offer "specific facts showing that there is a genuine issue for trial." Id. See, also, Civ.R. 56(E). The non-moving party may not rest on the mere allegations and denials in the pleadings, but must submit some evidentiary material showing a genuine dispute over the material facts. Dresher,75 Ohio St.3d at 293.
 {¶ 6} When alleging a negligence claim, a plaintiff must present evidence establishing that the defendant owed the plaintiff a duty of care, the defendant subsequently breached the duty, and the breach was the proximate cause of the plaintiff's injury. Mussivand v. David (1989), 45 Ohio St.3d 314, 318, citing DiGildo v. Caponi (1969), 18 Ohio St.2d 125. The existence of such a duty is a question of law for the court to evaluate. Mussivand, 45 Ohio St.3d at 318. In regards to premises liability matters, the duty owed is determined by the relationship between the owner of the premises and the injured party. Clark v. BP Oil Co., 9th Dist. No. 21398, 2003-Ohio-3917, at ¶ 8, citing Gladon v. Greater ClevelandRegional Transit Auth, 75 Ohio St.3d 312, 315, 1996-Ohio-137.
 {¶ 7} In the present matter, Mr. Greenwald was a business invitee of Mapleside. Thus, Mapleside owed Mr. Greenwald the duty of ordinary care in maintaining its premises in a reasonably safe condition so that he was not unreasonably or unnecessarily exposed to danger. See Clark at ¶ 9, citing Paschal v. RiteAid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, 203. Invitees are to be warned of latent or concealed perils of which the business owner or building occupier has, or reasonably should have, knowledge. Perry v. Eastgreen Realty Co. (1978),53 Ohio St.2d 51, 52. An owner must not only use care to avoid injuring a customer through negligent acts, but also must "`inspect the premises to discover possible dangerous conditions of which he does not know, and take reasonable precautions to protect the invitee from dangers which are foreseeable[.]'" Id., quoting Prosser on Torts (4 Ed. 1971), 392-93. Furthermore, it is the invitee who bears the burden of demonstrating that the premises were not in a reasonably safe condition. Clark at ¶ 9, citingRogers v. Sears Roebuck and Co., 1st Dist. No. C-010717, 2002-Ohio-3304, at ¶ 3.
 {¶ 8} We note, however, that business owners are in no way insurers of a customer's safety, nor are they "insurers against all forms of accidents that may happen[.]" Paschal,18 Ohio St.3d at 204. See, also, Clark at ¶ 9. The existing law in Ohio provides that there is "generally no duty to illuminate a parking lot at night." Holda v. Martinkovics (Dec. 7, 1988), 9th Dist. No. 1722, citing Jeswald v. Hutt (1968), 15 Ohio St.2d 224, paragraph one of the syllabus. Moreover, minor or trivial imperfections which are not unreasonably dangerous and which are commonly encountered and expected do not create liability on the part of a business owner to an invitee who falls and is subsequently injured. Helms v. American Legion (1966),5 Ohio St.2d 60, 62. In fact,
"[w]hen one successfully traverses a step, * * * he cannot take the position that it was at that time so insubstantial as to go unnoticed but, became unreasonably dangerous, hence actionable, when injuries were occasioned by it upon exiting shortly thereafter." McGowan v. St. Antoninus Church (Apr. 6, 2001), 1st. Dist. No. C-000488, citing Raflo v. Losantiville CountryClub (1973), 34 Ohio St.2d 1, paragraph two of the syllabus.
The reason being that "`[d]arkness' is always a warning of danger, and for one's own protection it may not be disregarded."Jeswald, 15 Ohio St.2d 224 at paragraph three of the syllabus. See, also, Mowery v. Shoaf, 148 Ohio App.3d 403,2002-Ohio-3006, at ¶ 41 (stating that when darkness is a contributing factor in a trip-and-fall situation on the premises of a business owner, it must be remembered that the darkness itself constitutes a sign of danger and if disregarded is done so at one's own peril).
 {¶ 9} Turning to the matter at hand, Mr. Greenwald indicates in his complaint that "while walking out of the restaurant and into the parking area, [he] was caused to fall down a curb." Mr. Greenwald stated that Mapleside was negligent because the lights were not turned on to illuminate the parking area. In the complaint, he also alleges that the area was not maintained in a safe condition. This statement is presumably expanded upon in Mr. Greenwald's brief in opposition to summary judgment, when he vaguely asserts that he tripped on a "defective `step-down[.]'" In his submitted affidavit, Mr. Greenwald further asserts that the "step-down" had visible physical defects, however he never attempts to explain what he perceives the defects to be.
 {¶ 10} Viewing the evidence in a light most favorable to the nonmoving party, we are unable to find that Mr. Greenwald has put forth evidence demonstrating that Mapleside owed him a duty to illuminate the parking area. Mr. Greenwald sustained his injury while traversing a common curb "step-down," which he previously encountered that same day in daylight, to a non-illuminated parking lot. Based on these factual allegations and the existing law in Ohio, we find that reasonable minds could not conclude that Mapleside breached a duty to Mr. Greenwald. As "[t]here can be no genuine issue as to any material fact where no duty is owed[,]" we conclude that the trial court properly granted summary judgment in favor of Mapleside. See Davis v. Friendly'sIce Cream Corp. (Sept. 27, 1995), 9th Dist. No. 17094. Accordingly, Mr. Greenwald's assignments of error are overruled.
 III. {¶ 11} Mr. Greenwald's first and second assignments of error are overruled. The decision of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
BAIRD, P.J. and CARR, J. CONCUR IN JUDGMENT ONLY.