DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Charlene Kirksey, appeals from the judgment of the Summit County Court of Common Pleas which granted summary judgment in favor of Appellees, Summit County and Ampco System Parking. This Court affirms.
 I. {¶ 2} On July 15, 2002, Appellant entered a parking deck owned by Appellee, Summit County. Appellee, Ampco System Parking ("Ampco"), has a contract with Summit County to operate and maintain the garage. Appellant entered the parking garage on the High Street side and obtained a parking ticket. Appellant was driving the car in which her husband was a passenger. They parked on the upper outdoor level and exited the garage through the set of doors that lead onto High Street. Appellant and her husband then ventured across the street to conduct some business. Less than an hour later, the pair returned to the deck. While Appellant's husband headed towards the pedestrian doors through which the two had exited the building less than an hour earlier, Appellant headed toward the vehicle exit. Appellant's husband called out to her to use the pedestrian doors, but she did not respond to him. Appellant testified that she glanced at the pedestrian doors, but headed towards the vehicle exit instead because she thought it was a more direct route to her car. The path Appellant chose was actually the toll gate exit where vehicles exit and pay their tolls, although Appellant denied knowing that at the time. As Appellant walked through the vehicle exit, she was struck on the head and left shoulder by the toll gate. Appellant testified that she did not see the toll gate before it struck her, "because out of the bright sunshine to a dark garage, your eyes have to adjust." The impact of the toll gate did not cause Appellant to fall down or drop her purse or keys. Appellant chose to drive home from the garage and did not inform the parking attendant of her injury.
 {¶ 3} Appellant commenced this action on July 13, 2004. Both Summit County and Ampco filed motions for summary judgment in which they both alleged that the hazard presented by the gate arm was open and obvious and that, therefore, they did not owe a duty to Appellant to caution her against walking under the arm. Appellant filed a combined memorandum in opposition to both of the Appellees' summary judgment motions, in which she claimed that a hazard that is neither visible nor warned against cannot be open and obvious as a matter of law. Appellant also contended that there were several genuine issues of material fact that precluded the court from granting summary judgment. The trial court granted Appellees' motions on May 20, 2005. Appellant filed a timely notice of appeal, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT INCORRECTLY APPLIED THE `OPEN AND OBVIOUS' DOCTRINE BECAUSE A HAZARD IS NEITHER OPEN NOR OBVIOUS TO A BUSINESS INVITEE WHEN THE HAZARD CANNOT BE SEEN."
 {¶ 4} In their first assignment of error, Appellants allege that the trial court erred in granting summary judgment to Appellees on Appellant's tort claim. More specifically, Appellant contends that the trial court erroneously concluded that the hazard at issue was open and obvious. We disagree.
 {¶ 5} This Court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party.Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12, certiorari denied (1986), 479 U.S. 948.
 {¶ 6} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 7} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 8} To recover on a negligence claim, a plaintiff must prove that (1) the defendant owed her a duty (2) that duty was breached by the defendant, and (3) the breach of that duty proximately caused the plaintiff's injury. Chambers v. St.Mary's School (1998), 82 Ohio St.3d 563, 565. Although a premises owner has a duty to exercise ordinary care in maintaining the premises, the open and obvious doctrine, when applicable, obviates the duty to warn and acts as a complete bar to any negligence claims. Armstrong v. Best Buy Co., Inc.,99 Ohio St.3d 79, 2003-Ohio-2573, at ¶ 5. The open and obvious doctrine relates to the threshold issue of duty and provides that the owner of a premises owes no duty to those people entering the premises regarding dangers that are open and obvious. Id. at ¶ 5, 13. The rationale behind this doctrine is that the open and obvious nature of the hazard itself serves as a warning. Id. at ¶ 5. "Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." Id., quotingSimmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642, 644.Schmitt v. Duke Realty, LP, 10th Dist. No. 04AP-251,2005-Ohio-4245, at ¶ 8. "The determination of the existence and obviousness of a danger alleged to exist on a premises requires a review of the facts of a particular case." Miller v. Beer BarrelSaloon (May 24, 1991), 6th Dist. No. 90-OT-050, at *3;Schmitt, supra.
 {¶ 9} Appellant claims that summary judgment was improper because a question of fact remains as to whether the parking gate was open and obvious. In addition, Appellant cites Burge v.Pepsi-Cola Bottling Co. of Cincinnati (1971), 26 Ohio St.2d 237, for the proposition that the status of a hazard as open and obvious, and therefore the question of whether Appellees owed a duty to Appellant, presents a question of fact precluding summary judgment.
 {¶ 10} We note, first and foremost, that Pepsi-Cola did not concern the open and obvious doctrine and is therefore inapplicable to this matter. Id. Furthermore, this Court has held that the existence of a duty is a question of law. Williams v.Garcias (Feb. 7, 2001), 9th Dist. No. 20053, at *2; Burchell v.Kenneth Young Realty Associates, Inc. (Mar. 22, 2000), 9th Dist. No. 98CA007214, at *1.
 {¶ 11} Secondly, we find that the gate constitutes an open and obvious hazard. "`Open and obvious' dangers are neither hidden, concealed from view, nor nondiscoverable upon ordinary inspection." Lydic v. Lowe's Companies, Inc., 10th Dist. No. 01AP-1432, 2002-Ohio-5001, at ¶ 10 citing Parsons v. Lawson Co.
(1989), 57 Ohio App.3d 49, 50. The determinative issue is whether the condition is observable. Id. Consequently, the dangerous condition at issue does not actually have to be observed by the plaintiff in order for it to be an "open and obvious" condition under the law. Id. Ohio courts have found that no duty existed in cases where the plaintiff did not notice the condition until after he or she fell, but could have seen the condition if he or she had looked. See Parsons, 57 Ohio App.3d at 50 (finding that boxes that patron tripped over in store were observable by ordinary inspection and that store did not owe a duty to patron);Francill v. The Andersons, Inc. (Feb. 15, 2001), 10th Dist. No. 00AP-835 (holding that store owed no duty to appellant who slipped on a pile of leaves and water where appellant admitted that if she looked down, she could have seen the water).
 {¶ 12} Appellant admits that she was looking down at the time of her fall and that this fact, among others, creates a genuine issue of material fact as to whether the condition was observable. In addition, Appellant claims that the contrast between the dark garage and the bright outdoors prohibited her from observing the gate. However, darkness is an open and obvious condition and under Ohio law, one may not disregard darkness.Jeswald v. Hutt (1968), 15 Ohio St.2d 224, 227; Gabel v.Apcoa, Inc. (Oct. 21, 1999), 8th Dist. No. 74794, at *4;Swonger v. Middlefield Village Apartments, 11th Dist. No. 2003-G-2547, 2005-Ohio-941, at ¶ 13.
 {¶ 13} Here, an ordinary person could have observed the gate if he or she had looked. The gates were certainly observable to Appellant and the fact that she did not see the gates is of no consequence in our legal analysis. Appellant had admittedly entered the parking garage on one or two prior occasions, and had therefore observed the parking gates. Moreover, Appellant had driven through the same area less than an hour before, when she and her husband arrived at the parking garage. When a plaintiff observes a hazard, she cannot thereafter claim that the hazard was unnoticeable before but became unreasonably dangerous when the injuries later occurred. See Raflo v. The LosantvilleCountry Club (1973), 34 Ohio St.2d 1, 4 (affirming grant of defendant's summary judgment motion where plaintiff successfully traversed a dark stairway ten minutes before the accident); andGreenwald v. Mapleside Farms, Inc., 9th Dist. No. 03CA0067-M,2004-Ohio-111, at ¶ 8 (affirming grant of defendant's summary judgment motion where plaintiff fell over a common curb that he had traversed earlier in the day).
 {¶ 14} Viewing the evidence in a light most favorable to the nonmoving party, we find that Appellant has not demonstrated that Appellees owed her a duty to warn her of the parking gate. Appellant sustained her injury while traversing a parking garage entrance which she previously encountered that same day and had encountered on at least one prior occasion. Based on these factual allegations and the existing law in Ohio, we find that reasonable minds could not conclude that Appellees breached a duty to Appellant. As "[t]here can be no genuine issue as to any material fact where no duty is owed[,]" we therefore conclude that the trial court properly granted summary judgment in favor of Appellees. See Davis v. Friendly's Ice Cream Corp. (Sept. 27, 1995), 9th Dist. No. 17094, at *2. Accordingly, Appellant's assignment of error is overruled.
 III. {¶ 15} Appellant's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J. Reece, J. concur.
(Reece, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)