DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Brunilda Chaparro-Delvalle and Roberto Delvalle, appeal the judgment of the Lorain County Court of Common Pleas, which granted summary judgment in favor of appellees, TSH Real Estate Investment Co., Inc. and Super Saver Discount, Inc.,[1] and dismissed appellants' complaint. This Court affirms.
 I. {¶ 2} At all relevant times, appellee TSH Real Estate Investment Co., Inc. ("TSH") leased property to appellee Super Saver Discount, Inc. ("Super Saver") for the purpose of maintaining stores on the property. Appellants are husband and wife. On March 11, 2004, appellant Brunilda Chaparro-Delvalle filed a complaint alleging appellees' negligence arising out of an incident on April 23, 2003, when she tripped in a chuckhole while walking from appellee store to her car in the parking lot. Appellant Roberto Delvalle alleged a loss of consortium claim arising out of the injuries his wife sustained during the fall.
 {¶ 3} Appellees filed separate answers to appellants' complaint. In addition, TSH filed a cross-claim against Super Saver seeking indemnification or contribution from Super Saver, in the event TSH was found liable. Super Saver answered both appellants' complaint and TSH's cross-claim and filed its own cross-claim against TSH seeking indemnification or contribution from TSH, in the event Super Saver was found liable. TSH belatedly filed an answer to Super Saver's cross-claim. Super Saver moved to strike TSH's answer, and the trial court denied the motion to strike.
 {¶ 4} Super Saver filed a motion for summary judgment against appellants and TSH on the complaint and cross-claim. TSH filed a motion for summary judgment against appellants on their complaint. All parties filed responses and replies as appropriate.
 {¶ 5} On April 22, 2005, the trial court granted both appellees' motions for summary judgment against appellants, finding that appellees owed no duty to appellant Mrs. Chaparro-Delvalle, because the chuckhole presented an open and obvious danger. The trial court then closed the case.
 {¶ 6} Appellants timely appealed, setting forth one assignment of error for review.
 ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN FINDING THAT THE HAZARDOUS CONDITION OF THE PARKING LOT WAS `OPEN AND OBVIOUS', [sic] THUS CONCLUDING THAT APPELLEES DID NOT OWE BRUNILDA CHAPARRO-DELVALLE A DUTY OF CARE IN PROVIDING A REASONABLY SAFE BUSINESS PREMISES."
 {¶ 7} Appellants argue that the trial court erred by granting summary judgment in favor of appellees based on its finding that the chuckhole in which Mrs. Chaparro-Delvalle fell was open and obvious. Appellants argue that attendant circumstances, to wit: the darkness on the evening of the fall, served to reinstate appellees' duty of due care notwithstanding the open and obvious doctrine. This Court disagrees.
 {¶ 8} In addition, appellants raise two new issues for the first time on appeal. Specifically, appellants argue that Mrs. Chaparro-Delvalle was compelled to deliberately encounter the danger, so that appellees reassumed a duty of due care. In addition, appellants argue that summary judgment in favor of appellees was inappropriate, because appellees had voluntarily assumed a duty to illuminate the parking lot, and they failed to meet this duty. Appellants failed to raise these issues before the trial court and, therefore, have waived the right to raise the issues on appeal. State v. Widman (May 16, 2001), 9th Dist. No. 00CA007681, citing Schade v. Carnegie Body Co. (1982),70 Ohio St.2d 207, 210. Therefore, this Court need not address the merits of these arguments, because appellants' arguments in this regard are deemed to have been waived.
 {¶ 9} This Court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 10} Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 11} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. State ex rel. Zimmerman v.Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 12} To prevail on a claim of negligence, appellants must establish the existence of a duty, a breach of that duty, and an injury proximately resulting from the breach of duty. Menifee v.Ohio Welding Prod., Inc. (1984), 15 Ohio St.3d 75, 77. Whether or not a duty exists is a question of law. Williams v. Garcias
(Feb. 7, 2001), 9th Dist. No. 20053.
 {¶ 13} Mrs. Chaparro-Delvalle fell in appellees' parking lot after shopping. Accordingly, at the time of her fall, she was a business invitee on the property. The Ohio Supreme Court has stated:
"A shopkeeper owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. A shopkeeper is not, however, an insurer of the customer's safety. Further, a shopkeeper is under no duty to protect business invitees from dangers which are known to such invitee that he may reasonably be expected to discover them and protect himself against them." (Internal citations omitted.)Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203,203-204.
 {¶ 14} In Armstrong v. Best Buy Co., Inc. (2003),99 Ohio St.3d 79, 82, the Supreme Court reiterated the viability of the open and obvious doctrine. "Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." Id. at syllabus. The Supreme Court further reiterated:
"when courts apply the rule, they must focus on the fact that the doctrine relates to the threshold issue of duty. By focusing on the duty prong of negligence, the rule properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it. That fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff." Id. at 82.
 {¶ 15} This Court has stated:
"`Open and obvious' dangers are neither hidden, concealed from view, nor nondiscoverable upon ordinary inspection. The determinative issue is whether the condition is observable. Consequently, the dangerous condition at issue does not actually have to be observed by the plaintiff in order for it to be an `open and obvious' condition under the law. Ohio courts have found that no duty existed in cases where the plaintiff did not notice the condition until after he or she fell, but could have seen the condition if he or she had looked." (Internal citations omitted.) Kirksey v. Summit Cty. Parking Deck, 9th Dist. No. 22755, 2005-Ohio-6742, at ¶ 11.
 {¶ 16} In this case, Mrs. Chaparro-Delvalle arrived at the Super Saver parking lot at approximately 9:00 p.m. She spent some time in each of the two stores serviced by the lot, before she began walking back to her car. Appellant testified at her deposition that she had been to appellees' stores and parking lot on other occasions during daylight hours, and she was aware that the parking lot was in poor shape. She testified that there were always many potholes and depressions in the parking lot, and that she nearly fell on another occasion despite using care to maneuver through the lot.
 {¶ 17} Mrs. Chaparro-Delvalle testified that it was dark when she walked through the parking lot and that a lamp post in the lot was not illuminated. This Court has previously stated, however, that "darkness is an open and obvious condition and under Ohio law, one may not disregard darkness." Kirksey at ¶ 12, citing Jeswald v. Hutt (1968), 15 Ohio St.2d 224, 227.
 {¶ 18} Mr. Chaparro-Delvalle testified at his deposition that his wife always walked with a cane due to prior injuries. His wife testified, however, that as she walked to her car on the evening of her fall, she had her cane hanging on her wrist. In addition, she testified that she was not looking at the ground as she walked. Rather, Mrs. Chaparro-Delvalle testified that she was looking towards her car and deactivating her car alarm by remote. On her way to her car, she stepped in a chuckhole and fell, sustaining injuries.
 {¶ 19} Mrs. Chaparro-Delvalle testified that the chuckhole in which she fell was 2 ½ to 2 ¾ inches deep and 4 ½ to 5 feet in diameter. She testified that, after the fall, she drove home, cleaned herself and returned to appellees' parking lot with her husband to take pictures of the chuckhole. Mr. Delvalle testified that the area where his wife fell was illuminated by lights from the street and stores. He further testified that he did not need a flashlight to see the hole in which his wife fell. Mr. Delvalle testified that the area where his wife fell consisted of an 8-10 inch hole surrounded by a 3-4 foot caved in area. He testified that he had no difficulty seeing the hole, once his wife identified the specific one from the numerous others in the parking lot.
 {¶ 20} In this case, an ordinary person could have observed the large chuckhole if he or she had looked. Mrs. Chaparro-Delvalle admitted that she was not looking at the ground as she walked through the parking lot, a lot she admitted she had visited before and noticed its poor condition. "When a plaintiff observes a hazard, she cannot thereafter claim that the hazard was unnoticeable before but became unreasonably dangerous when the injuries later occurred." Kirksey at ¶ 13, citing Raflo v.The Losantville Country Club (1973), 34 Ohio St.2d 1, 4
(affirming grant of defendant's summary judgment motion where plaintiff successfully traversed a dark stairway ten minutes before the accident); and Greenwald v. Mapleside Farms, Inc.
9th Dist. No. 03CA0067-M, 2004-Ohio-111, at ¶ 8 (affirming grant of defendant's summary judgment motion where plaintiff fell over a common curb that he had traversed earlier in the day).
 {¶ 21} Viewing the evidence in the light most favorable to the non-moving parties, this Court finds that appellants have failed to demonstrate that appellees owed them a duty to warn them about the chuckholes in the parking lot. Mrs. Chaparro-Delvalle was aware of the darkness when she went to appellees' stores and lots at 9:00 p.m. She sustained her injuries while returning to her car, after having earlier traversed the parking lot to enter the stores. She admitted that she was concentrating on deactivating her car alarm at the time, rather than on traversing the lot. In addition, she had previously encountered the numerous chuckholes, slopes and depressions in the parking lot during other visits to the premises. Mr. Delvalle had no problem seeing the chuckhole in which his wife fell, when he returned to the lot with her later the same evening. Based on these circumstances, this Court finds that reasonable minds could only find that the hazardous conditions in appellees' parking lot, as well as the attendant circumstances of darkness, were open and obvious. Pursuant to the "open and obvious" doctrine, appellees owed no duty to appellants to warn them of the chuckhole. Accordingly, the trial court properly granted summary judgment in favor of appellees and against appellants. Appellants' assignment of error is overruled.
 III. {¶ 22} Appellants' assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellants.
Exceptions.
Slaby, P.J. Moore, J. concur.
[1] Appellants originally filed their complaint against Abdallah Hasan and Super Save, in addition to TSH Real Estate Investment Co., Inc. On March 11, 2005, all parties agreed that Super Saver Discount, Inc. is the appropriate party defendant and would be substituted in place of Abdallah Hasan and Super Save.