[Cite as *Autrey v. Apollo Corp.*, **2019-Ohio-1220.**]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

GWENDOLYN AUTREY

    Appellant

    v.

APOLLO CORPORATION, INC., et al.

    Appellees

C.A. No.    29047

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2016 12 5168

DECISION AND JOURNAL ENTRY

Dated: April 3, 2019

HENSAL, Judge.

{¶1} Gwendolyn Autrey appeals a judgment of the Summit County Court of Common Pleas that granted Apollo Corporation, Inc.'s and Craig Creative, LLC's motions for summary judgment. For the following reasons, this Court affirms.

I.

{¶2} On the evening of December 13, 2014, Ms. Autrey ordered a pizza from a restaurant that is owned and operated by Craig Creative. The restaurant is in a plaza that is owned and operated by Apollo. According to Ms. Autrey, although she and her husband regularly ordered pizzas from the restaurant, her husband usually picked them up. Because she had been out shopping with a friend that day, however, she had her friend drive her to the plaza to get the pizza.

{¶3} The plaza has an asphalt parking lot. There is also a concrete sidewalk that runs along the front of the stores. In 2014, the place where the sidewalk met the parking lot was

raised like a curb or parking stop to prevent cars from driving onto the sidewalk. According to Apollo's president, the raised concrete was coated with white fluorescent paint.

{¶4} According to Ms. Autrey, her friend parked directly in front of the restaurant. She got out of the car, closed the door, and began walking toward the restaurant. After taking only one or two steps, however, she fell, suffering injuries. Ms. Autrey testified at her deposition that, at the time of her fall, her right foot was on top of the raised part of the sidewalk. It was dark and the parking lot was not lit. She could not remember if the headlights of her friend's car were on or off, but the lights of the restaurant were on. She did not see the raised part of the sidewalk, but appreciated that she had to step up before she fell.

{¶5} Ms. Autrey sued Apollo for negligence. Apollo filed a third-party complaint against Craig Creative, alleging that it had breached its agreement to maintain the sidewalk. Following discovery, Apollo moved for summary judgment against Ms. Autrey and Craig Creative moved for summary judgment against Apollo. The trial court granted Apollo's motion because it determined that the raised concrete was an open and obvious condition. It, therefore, concluded that Apollo did not owe Ms. Autrey a duty to warn her of the hazard. The court granted summary judgment to Craig Creative on Apollo's third-party complaint because it determined that, in light of the resolution of Ms. Autrey's claim, Craig Creative could not be required to contribute to the claim or indemnify Apollo. Ms. Autrey has appealed, assigning as error that the trial court incorrectly granted summary judgment to Apollo and Craig Creative.

## II.

## ASSIGNMENT OF ERROR

DID DEFENDANT-APPELLEES APOLLO CORPORATION, INC. AND CRAIG CREATIVE, LLC, CONCLUSIVELY ESTABLISH THAT NO GENUINE ISSUE OF MATERIAL FACT EXISTS UPON THEIR OPEN AND

OBVIOUS DEFENSE NOTWITHSTANDING THE ATTENDANT CIRCUMSTANCES THAT HAD BEEN IDENTIFIED?

{¶6} Ms. Autrey argues that Apollo and Craig Creative were not entitled to summary judgment. Under Civil Rule 56(C), summary judgment is appropriate if:

> (1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293, quoting Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶7} Apollo argued in its motion for summary judgment that it was not liable for Ms. Autrey's fall because the raised concrete curb was an open and obvious condition. Craig Creative argued that it was entitled to summary judgment because it had no duty to maintain the curb. To prevail in her negligence action, Ms. Autrey had to establish: "(1) the existence of a duty, (2) a breach of that duty, and (3) an injury proximately resulting from the breach." *Robinson v. Bates*, 112 Ohio St.3d 17, 2006–Ohio–6362, ¶ 21. The legal duty owed to an injured party is dictated by the relationship between the owner of the premises and the injured party. *Hidalgo v. Costco Wholesale Corp.*, 9th Dist. Lorain No. 12CA010191, 2013–Ohio–847, ¶ 7. A business invitee is a "person[ ] who come[s] upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner." *Mondi v. Stan Hywet Hall &*

*Gardens, Inc.*, 9th Dist. Summit No. 25059, 2010–Ohio–2740, ¶ 12, quoting *Light v. Ohio Univ.*, 28 Ohio St.3d 66, 68 (1986). The parties do not dispute that Ms. Autrey was a business invitee.

{¶8} "A shopkeeper owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger." *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 203 (1985). "A shopkeeper is not, however, an insurer of the customer's safety." *Id.* "[If] a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." *Armstrong v. Best Buy Co. Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, syllabus. "[T]he open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims." *Id.* at ¶ 5. "The rationale behind the doctrine is that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644 (1992).

{¶9} Open and obvious dangers are not hidden, are not concealed from view, and are discoverable upon ordinary inspection. *Kirksey v. Summit Cty. Parking Deck*, 9th Dist. Summit No. 22755, 2005-Ohio-6742, ¶ 11. "The determinative issue is whether the condition [was] observable." *Id.* "[T]he dangerous condition * * * does not actually have to be observed by the plaintiff in order for it to be an 'open and obvious' condition under the law." *Id.* The question is whether the plaintiff "could have seen [it] if * * * she had looked." *Id.*

{¶10} To determine whether a danger was open and obvious, this Court considers the hazard itself and any attendant circumstances that existed at the time of the incident. *Marock v. Barberton Liedertafel*, 9th Dist. Summit No. 23111, 2006-Ohio-5423, ¶ 14 ("[C]onsideration of attendant circumstances is merely a generalized version of the reasonableness test subsumed by

the open and obvious doctrine."). "While there is no precise definition of attendant circumstances, they * * * include 'any distraction that would come to the attention of a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time.'" *Jenks v. City of Barberton*, 9th Dist. Summit No. 22300, 2005-Ohio-995, ¶ 16, quoting *McLain v. Equitable Life Assur. Co.*, 1st Dist. Hamilton No. C-950048, 1996 WL 107513, *5 (Mar. 13, 1996).

{¶11} Ms. Autrey argues that, to get to the restaurant, she had to traverse a dimly lit parking lot and step on an unexpected curb that could not be easily seen. Regarding the lighting in the parking lot, this Court has recognized that darkness is an open and obvious condition. *Kirksey* at ¶ 12. Darkness also is not an attendant circumstance for purposes of the open and obvious doctrine. *Wyatt v. Roses Run Country Club*, 9th Dist. Summit No. 28894, 2018-Ohio-4093, ¶ 21. We, therefore, conclude that the amount of light in the parking lot does not affect our analysis of whether the raised concrete curb was open and obvious.

{¶12} Ms. Autrey also argues that her case resembles *Cordell v. Ohio Dept. of Rehab. and Corr.*, 10th Dist. Franklin No. 08AP-749, 2009-Ohio-1555. She contends that the trial court refrained from granting summary judgment in that case. In *Cordell*, an inmate fell in a parking lot while being led toward a bus. He alleged in his complaint that the State was "negligent in providing insufficient lighting and in escorting him in a manner such that he was unable to see the curb." *Id*. at ¶ 3. Following a trial to a magistrate, the trial court determined that the curb that caused the inmate's fall was an open and obvious condition. *Id*. at ¶ 4. There is no indication in *Cordell* that the State moved for summary judgment on the inmate's claims. Accordingly, we cannot say that the fact that *Cordell* proceeded to trial has any significance as to Ms. Autrey's case.

{¶13} In support of its motion for summary judgment, Apollo submitted multiple depositions. It also submitted copies of some of the exhibits from those depositions, including a photograph of the restaurant and the parking lot immediately in front of the restaurant. The photograph shows the white, raised, concrete curb that allegedly caused Ms. Autrey to fall. In her response, Ms. Autrey did not submit any additional evidence, but argued that reasonable minds could differ about whether the curb was open and obvious.

{¶14} Upon review of the photograph and other materials that Apollo submitted in support of its motion for summary judgment, we conclude that it met its burden of establishing that the curb was an open and obvious danger that was discoverable upon ordinary inspection. Apollo, therefore, did not owe Ms. Autrey a duty to warn her of the danger. Accordingly, we conclude that the trial court did not err when it granted Apollo's and Craig Creative's motions for summary judgment. Ms. Autrey's assignment of error is overruled.

III.

{¶15} Ms. Autrey's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CALLAHAN, P. J.
CARR, J.
CONCUR.

APPEARANCES:

ADAM M. VANHO, Attorney at Law, for Appellant.

MARIA PLACANICA, Attorney at Law, for Appellee.

KEN CALDERONE and DOUGLAS G. LEAK, Attorneys at Law, for Appellee.