[Cite as *Matus v. Jacts Group, L.L.C.*, 2020-Ohio-1173.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

MARLENE C. MATUS

    Appellant

    v.

THE JACTS GROUP, LLC, et al.

    Appellee

C.A. No.      19CA0044-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.     17CIV0158

DECISION AND JOURNAL ENTRY

Dated: March 30, 2020

---

CARR, Judge.

{¶1} Plaintiff-Appellant Marlene Matus appeals from the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} On March 12, 2013, Ms. Matus and two of her friends went to have lunch at a restaurant operated by Defendant-Appellee The Jacts Group, LLC, in a building built by Defendant-Appellee Golden Dawn Enterprises, LLC. A hostess took the three women to a booth located in the back of an area of elevated seating. To get to the booth, the women had to traverse a single stair. As they approached the stair, the hostess told the women to watch their step. One of Ms. Matus' friends then noticed a caution sign against the wall where the step was. Ms. Matus went first, followed by her two friends.

{¶3} Photographs of the area admitted at trial depict that the floor of the lower level was a multi-colored patterned tile and the area of elevated seating had multi-colored patterned

carpeting, which was distinct from the tile. Above the step, appended to each wall, was a sign that read "CAUTION STEP DOWN[.]" A short wood-colored handrail emerged from the part of the wall perpendicular to the surface of the step and wrapped around the side of the wall parallel to the surface of the step. The step itself had a recessed rope light near the edge of the step. Ms. Matus and one of her friends denied seeing the rope lighting and asserted it was not lit that day. However, the co-owner/manager of the restaurant testified that the rope lighting had been there since the opening of the restaurant, was on 24 hours a day, and, that she did not remember it ever being replaced.

{¶4} After they had lunch, and paid their bills, the friends proceeded towards the exit in the same order they entered with Ms. Matus leading. Ms. Matus did not see the step on her way out and "walked right off" it. Ms. Matus maintained that she did not see the step because it was not obvious there was a step there. Ms. Matus fell flat on her back and suffered injuries to her heel.

> Ms. Matus thereafter filed a complaint against The Jacts Group[,LLC] and Golden Dawn [Enterprises, LLC] on March 11, 2015. Ms. Matus' deposition was conducted and a site inspection of the restaurant took place, however, Ms. Matus voluntarily dismissed the case on February 19, 2016.

> Ms. Matus re-filed her complaint against The Jacts Group[, LLC] and Golden Dawn Enterprises, [LLC,] asserting claims of negligence [and negligence per se] against the [D]efendants on February 15, 2017. On March 23, 2017, the trial court ordered that all discovery conducted in the previous case would apply in the present matter. Thereafter, The Jacts Group[, LLC] and Golden Dawn [Enterprises, LLC] filed a joint motion for summary judgment on April 10, 2017. On May 24, 2017, Matus filed a motion for leave of court to amend her complaint and a motion for an order that requests for admission one through six directed to The Jacts Group[, LLC] and Golden Dawn [Enterprises, LLC] be deemed admitted. Ms. Matus filed a response to the motion for summary judgment on June 2, 2017. The trial court ultimately granted summary judgment in favor of The Jacts Group[, LLC] and Golden Dawn[ Enterprises, LLC]. The trial court did not expressly rule upon Ms. Matus' motions for leave to amend her complaint or for an order that requests for admission one through six directed to The Jacts Group[, LLC] and Golden Dawn[ Enterprises, LLC] be deemed admitted.

*Matus v. Jacts Group, LLC*, 9th Dist. Medina No. 17CA0056-M, 2018-Ohio-1439, ¶ 3-4.

{¶5} Due to the absence of Ms. Matus' deposition transcript from the record, this Court concluded that The Jacts Group, LLC and Dawn Enterprises, LLC had not demonstrated the absence of a genuine issue of material fact and summary judgment in their favor was therefore not appropriate. *See id.* at ¶ 10-12.

{¶6} Upon remand, The Jacts Group, LLC and Dawn Enterprises, LLC sought leave to refile a motion for summary judgment; however, their motion for leave was denied. The matter proceeded to a jury trial. At trial, one of Ms. Matus' arguments was that the handrails in the restaurant failed to comply with the Ohio Building Code and that a resolution of the Board of Commissioners of Medina County adopted the Medina County Building Regulations which required compliance with the Ohio Building Code; therefore, Ms. Matus maintained that the violations amounted to negligence per se. Inter alia, the jury was instructed on negligence, negligence per se, and the open and obvious doctrine. The jury found in favor of The Jacts Group, LLC and Dawn Enterprises, LLC. The jury concluded that Ms. Matus was 100% negligent and that her negligence was the proximate cause of her injury. The trial court entered a judgment entry reflecting that the jury found in favor of the Jacts Group, LLC but did not mention Dawn Enterprises, LLC.

{¶7} Ms. Matus filed a motion for judgment notwithstanding the verdict and for new trial. Ms. Matus argued that a problematic jury instruction warranted relief. The trial court ultimately denied the motion. Ms. Matus moved the trial court to correct the omission of a judgment as to Dawn Enterprises, LLC; however, prior to the trial court addressing the issue, Ms. Matus filed a notice of appeal. After the notice of appeal was filed, the trial court entered a judgment in favor of Dawn Enterprises, LLC. Ms. Matus filed another notice of appeal. This

Court dismissed both attempted appeals, concluding the first was not from a final, appealable order and that the second was entered without jurisdiction. *See Matus v. The Jacts Group, LLC*, 9th Dist. Nos. 19CA0020-M, 19CA0031-M (Apr. 30, 2019).

{¶8} Thereafter, the trial court entered a judgment labeled as a nunc pro tunc judgment entering judgment in favor of The Jacts Group, LLC and Dawn Enterprises, LLC on all causes of action in the complaint. Ms. Matus has appealed, raising three assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED WHEN IT SUSTAINED OBJECTIONS TO QUESTIONS TO AN EXPERT WITNESS ON THE ISSUE OF PROXIMATE CAUSE.

{¶9} Ms. Matus asserts in her first assignment of error that the trial court erred in refusing to allow her expert to testify concerning the issue of proximate cause.

{¶10} "As a general rule, this Court reviews the admission or exclusion of relevant evidence for an abuse of discretion. Because trial courts enjoy broad discretion in the admission and exclusion of evidence, this Court will only conclude that there is reversible error when there has been a clear abuse of discretion that resulted in material prejudice." *J.P. v T.H.*, 9th Dist. Lorain No. 19CA0011469, 2020-Ohio-320, ¶ 21. An abuse of discretion "implies that the court's attitude [wa]s unreasonable, arbitrary or unconscionable." (Internal quotations and citations omitted.) *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶11} The testimony that was excluded was that of Ms. Matus' expert. That expert testified at trial concerning purported violations of the Ohio Building Code in support of Ms. Matus' negligence per se claim. Ms. Matus argues on appeal that the trial court erred in excluding her experts' testimony concerning proximate cause.

**{¶12}** However, we conclude that, even if the trial court erred in failing to admit the testimony, any error was harmless, particularly in light of Ms. Matus' other arguments which are overruled below. The record discloses that the jury completed interrogatories finding that neither The Jacts Group, LLC nor Dawn Enterprises, LLC was negligent. Thus, the jury did not complete the interrogatories concerning whether The Jacts Group, LLC's or Dawn Enterprises, LLC's negligence was the proximate cause of Ms. Matus' injuries. Had testimony about proximate cause been presented, it would not have changed the outcome because the jury concluded that The Jacts Group, LLC and Dawn Enterprises, LLC were not negligent. Accordingly, the record does not disclose that Ms. Matus was materially prejudiced by the exclusion of the testimony. *See J.P.* at ¶ 21.

**{¶13}** Ms. Matus' first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AS A MATTER OF LAW DURING ITS INSTRUCTION TO THE JURY, AND THE ERROR WAS PREJUDICIAL TO THE APPELLANT MARLENE C. MATUS.

**{¶14}** Ms. Matus argues in her second assignment of error that the trial court erred in its instructions to the jury.

**{¶15}** "A trial court is obligated to provide jury instructions that correctly and completely state the law. The jury instructions must also be warranted by the evidence presented in a case." (Internal citation omitted.) *Cromer v. Children's Hosp. Med. Ctr. of Akron*, 142 Ohio St.3d 257, 2015-Ohio-229, ¶ 22. "The question of whether a jury instruction is legally correct and factually warranted is subject to de novo review." *Id.* "An unnecessary, ambiguous, or even affirmatively erroneous portion of a jury charge does not inevitably constitute reversible error. If there is no inherent prejudice in the inclusion of a particular jury instruction, prejudice must be affirmatively

shown on the face of the record, and it cannot be presumed." (Internal citation omitted.) *Id*. at ¶ 35. "The general rule is that an erroneous instruction does not necessarily mislead a jury." *Id.* at ¶ 36.

{¶16} "In examining errors in a jury instruction, a reviewing court must consider the jury charge as a whole and must determine whether the jury charge probably misled the jury in a matter materially affecting the complaining party's substantial rights." (Internal quotations and citations omitted.) *Id.* at ¶ 35. "If the complete set of instructions by the trial court otherwise fairly and correctly lays out the relevant law, and if it is apparent in the context of the complete instructions that an isolated error did not prejudice a party's substantial rights, reversal on the error is not warranted." *Id.*

{¶17} Ms. Matus challenges the following portion of the instructions: "A customer entering a building who safely traverses a condition on the way in[to] a premises cannot claim that it was unreasonably dangerous when traversing the same condition upon exiting the premises upon exiting the building. An occupant of a property owes no duty to protect business visitors from open and obvious dangers on the property."

{¶18} Prior to trial, Ms. Matus filed proposed instructions in this matter. Those instructions included the last sentence of the foregoing instruction. Thus, there is an argument that Ms. Matus' counsel invited any error with respect to inclusion of the last sentence of the now-challenged instruction. *See State ex rel. Beaver v. Konteh*, 83 Ohio St.3d 519, 520-521 (1998).

{¶19} Later, at the time of trial, the trial court indicated that the parties had submitted proposed joint jury instructions. That understanding was not refuted by either side. The proposed joint jury instructions do not appear in this Court's record. The trial court then asked whether either side requested any changes. No changes concerning the sentence about open and obvious

dangers were proposed. Thus, Ms. Matus has, at the least, forfeited any challenge to the inclusion of that sentence. *See* Civ.R. 51(A). As Ms. Matus has not argued plain error on appeal, we decline to construct an argument for her. *See Wiegan v. Fabrizi Trucking & Paving Co., Inc.*, 9th Dist. Medina No. 16CA0015-M, 2017-Ohio-363, ¶ 43.

{¶20} Counsel for The Jacts Group, LLC and Dawn Enterprises, LLC did request an instruction pursuant to *Raflo v. Losantiville Country Club*, 34 Ohio St.2d 1 (1973). Counsel acknowledged that such an instruction was not agreed to by Ms. Matus' counsel. Ms. Matus' counsel asserted that an instruction based upon *Raflo* was inappropriate as it was a case decided before comparative negligence and, at the time of *Raflo*, "it was the law if there was any contributory negligence whatsoever, that was a complete bar." The trial court agreed to include language based upon *Raflo* but the precise language was not put on the record until the instructions were read to the jury. After the instructions were read to the jury, Ms. Matus' counsel noted his objection to the sentence: "A customer entering a building who safely traverses a condition on the way in[to] a premises cannot claim that it was unreasonably dangerous when traversing the same condition upon exiting the premises upon exiting the building."

{¶21} On appeal, Ms. Matus argues that the foregoing sentence stands for the proposition that any contributory negligence on the part of Ms. Matus was a complete bar to her claims. The syllabus of *Raflo* states:

> 1. One who upon entering a building traverses a step, the height of which is proscribed by the state building code, cannot maintain that the hazard was so insubstantial as to go unnoticed at that time, yet was unreasonably dangerous, hence actionable, when it occasioned her fall upon leaving the building.
>
> 2. One who enters a building by traversing a step described as 'abnormally high,' is charged with knowledge of the presence of that abnormality upon exiting * * *.

*Id.* at paragraphs one and two of the syllabus.

**{¶22}** It is true that *Raflo* was decided prior to the enactment of R.C. 2315.33, the statute that provides that contributory fault is not a bar to recovery of damages. Nonetheless, courts have continued to cite to and rely on *Raflo* subsequent to the enactment of R.C. 2315.33. *See, e.g. Mayhew v. Massey*, 7th Dist. Mahoning No. 16 MA 0049, 2017-Ohio-1016, ¶ 17; *Humble v. Boneyard Westlake, L.L.C.,* 8th Dist. Cuyahoga No. 104348, 2016-Ohio-8149, ¶ 16; *Frano v. Red Robin Internatl., Inc.*, 181 Ohio App.3d 13, 2009-Ohio-685, ¶ 26-38 (11th Dist.); *Chaparro-Delvalle v. TSH Real Estate Invest. Co., Inc.*, 9th Dist. Lorain No. 05CA008712, 2006-Ohio-925, ¶ 20. Thus, we cannot say that *Raflo* has no relevance in the area of slip-and-fall case law.

**{¶23}** That said, this Court agrees that the particular wording adopted by the trial court was less than ideal. However, we do not agree with Ms. Matus' argument that that single sentence required the jury to find in favor of The Jacts Group, LLC and Dawn Enterprises, LLC. The jury could have found that the condition Ms. Matus encountered on her way out was not the same as when she entered. Moreover, nothing in the sentence suggests that, even if the jury found Ms. Matus negligent, it could not also conclude that The Jacts Group, LLC and Dawn Enterprises, LLC were also negligent. In fact, the jury was provided with interrogatories allowing the jury to allocate the percentage of negligence among the parties. With respect to those interrogatories, only if Ms. Matus' negligence was determined to be greater than 50 percent was the jury instructed to complete the general verdict form for The Jacts Group, LLC and Dawn Enterprises, LLC.

**{¶24}** Ms. Matus also appears to contend that the challenged sentence in the jury instructions caused the jury to not find in favor of her on the issue of negligence per se. Implicit within her argument is the notion that the jury should have been explicitly instructed that the open and obvious doctrine was not applicable if negligence per se was found. *See Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, ¶ 14 ("[A]lthough the open-and-obvious

doctrine can excuse a defendant's breach of a common-law duty of care, it does not override statutory duties."). However, Ms. Matus never requested for such clarifying language to be a part of the jury instructions, at least from what we can tell from the record, given that the jointly proposed instructions are not part of the record on appeal. *See* Civ.R. 51(A). Further, when the instructions are considered as a whole, as discussed below, we cannot say that the record establishes that it was a faulty instruction that caused the jury to not find in favor of Ms. Matus on the issue of negligence or negligence per se.

**{¶25}** When the jury instructions are read as a whole, we cannot say that they probably misled the jury in a way that materially prejudiced Ms. Matus. *See Cromer*, 142 Ohio St.3d 257, 2015-Ohio-229, at ¶ 35. The trial court's instructions about negligence spanned several pages. Notably, Ms. Matus does not find fault with the vast majority of those instructions. The trial court first instructed the jury that "[n]egligence is a failure to use ordinary care" and also that the "[f]ailure to do what is required by law is negligence." The trial court subsequently informed the jury that "[t]he occupant of the property owes a duty to a business visitor to use ordinary care for the business visitor's safety and to keep the property in a reasonable safe condition. The occupant of the property also has a duty to provide notice of any latent dangers about which the occupant of the property knows, or by using ordinary care should have known." In addition, prior to the challenged instruction, the jury was told that Ms. Matus was "required to use ordinary care to discover and avoid danger" and that a person "[wa]s negligent if she looks but does not see that which would have been seen by a reasonably cautious person under the same or similar circumstances." A person was also negligent "if she does not look if, under the circumstances, a reasonably cautious person would have continued to look." Following the challenged instruction, the jury was informed that if it found attendant circumstances were present, then the open and

obvious nature of the hazard would "not eliminate the duty of the occupant to either exercise ordinary care to keep the property in a reasonably safe condition or provide notice of any dangers about which an occupant knows, or by using ordinary care should have known." Finally, the jury was instructed that an occupant who violated a law or legislative enactment imposing a specific duty for the protection of others was negligent "regardless of whether the occupant of the property used ordinary care." The jury was told that, before it could find for Ms. Matus "because of a violation of the Board of Commissioners of the Medina County resolution, [the jury] must find by the greater weight of the evidence that (A) [Ms. Matus] was a business visitor on the Defendants' property, and (B) the Defendants violated the Ohio Building Code and (C) [Ms. Matus'] injuries were proximately caused by the Defendants' violation of the Ohio Building Code." Moreover, while the jury did not hear Ms. Matus' expert's testimony about proximate cause as it related to the alleged building code violations, the jury found that The Jacts Group, LLC and Dawn Enterprises, LLC were not negligent, and, thus, did not complete the interrogatories concerning proximate cause.

{¶26} After a careful consideration of the jury instructions as a whole, and in light of Ms. Matus' arguments on appeal, we cannot say that Ms. Matus has demonstrated that any isolated error prejudiced her substantial rights. *See Cromer*, 142 Ohio St.3d 257, 2015-Ohio-229, at ¶ 35.

{¶27} Ms. Matus' second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED WHEN IT DENIED MARLENE C. MATUS' MOTIONS TO SET ASIDE THE JUDGMENT IN FAVOR OF THE JACTS GROUP, LLC, ENTER JUDGMENTS IN FAVOR OF MARLENE C. MATUS AND AGAINST GOLDEN DAWN ENTERPRISES, LLC AND THE JACTS GROUP, LLC ON THE ISSUE OF NEGLIGENCE PER SE, AND ORDER A NEW TRIAL ON PROXIMATE CAUSE AND DAMAGES.

{¶28} Ms. Matus argues in her third assignment of error that the trial court erred in denying her motions for judgment notwithstanding the verdict and motion for a new trial.

{¶29} "The decision to grant or deny a Civ.R. 50(B) motion for judgment notwithstanding the verdict (JNOV) is reviewed de novo." *Williams v. Spitzer Auto World Amherst, Inc.*, 9th Dist. Lorain No. 070CA009098, 2008-Ohio-1467, ¶ 9. "JNOV is proper if upon viewing the evidence in a light most favorable to the non-moving party and presuming any doubt to favor the nonmoving party reasonable minds could come to but one conclusion, that being in favor of the moving party. Civ.R. 50(B)." *Id.* Pursuant to Civ.R. 59,

> [a] new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
>
> (1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;
>
> (2) Misconduct of the jury or prevailing party;
>
> (3) Accident or surprise which ordinary prudence could not have guarded against;
>
> (4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
>
> (5) Error in the amount of recovery, whether too large or too small, when the action is upon a contract or for the injury or detention of property;
>
> (6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;
>
> (7) The judgment is contrary to law;
>
> (8) Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial;
>
> (9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application.
>
> In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown.

"If the stated grounds for a new trial involve[ ] a question of law, the de novo standard of review applies. If the basis for a new trial involves the determination of an issue left to the trial court's discretion, the abuse of discretion standard applies." *Herhold v. Smith Land Co.*, 9th Dist. Summit No. 28915, 2019-Ohio-2418, ¶ 79.

{¶30} In her motion for judgment notwithstanding the verdict and motion for new trial, Ms. Matus limited the issue to whether the following jury instruction was improper: "A customer entering a building who safely traverses a condition on the way in[to] a premises cannot claim that it was unreasonably dangerous when traversing the same condition upon exiting the premises upon exiting the building." This is the same jury instruction that we reviewed in Ms. Matus' second assignment of error. As we previously concluded that giving the instruction did not amount to reversible error, we likewise conclude that Ms. Matus has not demonstrated that the trial court erred in denying her motions for judgment notwithstanding the verdict and motion for new trial with respect to this issue. We note that, in the context of this assignment of error, Ms. Matus' has not even developed an argument explaining why the adoption of this jury instruction necessitated that the trial court grant her motions. *See* App.R. 16(A)(7).

{¶31} Ms. Matus' third assignment of error is overruled.

### III.

{¶32} Ms. Matus' assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

CALLAHAN, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

MARK E. STEPHENSON, Attorney at Law, for Appellant.

CRAIG G. PELINI and KRISTEN E. CAMPBELL TRAUB, Attorneys at Law, for Appellee.